R. C. POWELL v. CAMP MANUFACTURING COMPANY; C. B. PAGE v. CAMP MANUFACTURING COMPANY.

(Filed 22 March, 1922.)

APPEAL by defendant from *Devin, J.,* at August Term, 1921, of DUPLIN, in an action to recover damages for an alleged negligent burning of plaintiffs' timber.

From an adverse verdict and judgment, the defendant appealed, assigning errors.

*George R. Ward and Ward & Ward for plaintiff.*
*Stevens, Beasley & Stevens for defendant.*

PER CURIAM. This case was before us at the Fall Term, 1920, and is reported in 180 N. C., 330. The facts were set out fully by *Walker, J.,* in delivering the opinion on the former appeal, and need not be repeated here. From a perusal of the record it appears that the case has been tried in substantial conformity with the law, as heretofore declared, and the present judgment must be affirmed.

No. 223, *Powell v. Mfg. Co.,* being an action for damages arising out of the same fire and caused by the same engine, for like reason must be affirmed. See, also, *Williams v. Camp Mfg. Co.,* 177 N. C., 512.

In both cases we find

No error.

─────────────

W. A. BURCH, ADMINISTRATOR, v. J. D. BUSH.

(Filed 29 March, 1922.)

APPEAL by defendant from *Bond, J.,* at November Term, 1921, of FRANKLIN, in an action to recover moneys alleged to be due the plaintiff, and withheld by the defendant, on a logging and lumbering contract.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the administratrix of S. L. Burch really able and willing to finish cutting the timber according to contract? Answer: 'Yes.'

"2. Was the administratrix of S. L. Burch kept from cutting the timber according to contract by any act of the defendants Bush & Company? Answer: 'Yes.'

"3. What damage, if any, did defendants Bush & Company sustain by failure of administratrix of Burch to cut said timber according to contract?   Answer: 'Nothing.'

"4. What sum was withheld by defendants Bush & Company under 10 per cent clause of contract?   Answer: '$445.'

"5. In what sum, if anything, is estate of S. L. Burch indebted to defendants Bush & Company by reason of overpayments on measurements?   Answer: 'Nothing.' "

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*William H. and Thomas W. Ruffin for plaintiff.*
*Willis Smith for defendant.*

PER CURIAM.   Affirmed on authority of same case, *Burch v. Bush,* 181 N. C., 125.

No error.

---

### J. W. BROOKS v. ORANGE RICE MILL COMPANY.

(Filed 12 April, 1922.)

APPEAL from *Connor, J.,* at December Term, 1921, of NEW HANOVER.

It appears that plaintiff, a citizen of this State, having a cause of action against the Orange Rice Mill Company, a foreign corporation, instituted this suit in the Superior Court of New Hanover County, and sought to establish jurisdiction by attaching the proceeds of a certain draft in the hands of the American Bank and Trust Company of Wilmington, N. C., it being alleged that said funds belonged to the defendant.  Thereafter, on 29 March, 1920, the Orange National Bank of Texas was allowed to intervene and set up its claim of title to the proceeds of said draft.

In a former trial the cause was tried on an issue of ownership of the intervening bank, and at the close of the evidence the court charged the jury that if they believed the evidence they would answer the issue of ownership in favor of the intervener, and from judgment on the verdict plaintiff appealed.

On the hearing of said appeal this Court reversed the action of the trial court, holding that on the evidence introduced by the intervener there were facts requiring that the issue of ownership be submitted to the jury.  This opinion having been certified down, the present trial was had, and the cause submitted to the jury, on an issue as to claim of ownership by intervener, and as to indebtedness of the nonresident defendant to plaintiff.